UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO HERNANDEZ,<br><br>              Plaintiff,<br><br>     v.<br><br>LUBE BOYS 10 MIN OIL CHANGE INC, et al.,<br><br>              Defendants. | Case No. 21-cv-06465-SK<br><br>**ORDER TO SHOW CAUSE** |

On July 1, 2022, the Court scheduled a case management conference for July 25, 2022. (Dkt. No. 29.) On July 22, 2022, the last business day before the scheduled case management conference and after the Court had closed, the parties filed a stipulation to continue the case management conference due to Plaintiff's counsel's conflict. Plaintiff's counsel indicated that there was a conflict with case management conference: a hearing on another motion in the Eastern District scheduled at the same time. (Dkt. No. 32.) However, pursuant to the Federal Rules of Civil Procedure, that hearing would have been scheduled before this Court set the case management conference. Therefore, Plaintiff could have immediately notified the Court that there was a conflict and should not have waited until the last minute to request a continuance. Nevertheless, the Court granted the stipulation and continued the case management conference to August 8, 2022. (Dkt. No. 33.)

Again, on the Friday before the scheduled case management conference, the parties filed another stipulation to continue the case management conference due to Plaintiff's counsel's conflict, again due to a motion hearing in the Eastern District. (Dkt. No. 35.) Plaintiff's counsel stated that she had mistakenly believed that hearing had been vacated and only discovered the day before that the hearing was still on calendar. (*Id.*) The Court again granted the stipulation and

continued the case management conference to September 19, 2022.  (Dkt. No. 36.)

Then on Monday, September 19, 2022, approximately ninety minutes before the case management conference was scheduled to begin, Plaintiff filed *another* request to continue the case management conference due to Plaintiff's counsel's scheduling conflict.  (Dkt. No. 40.)  The Court did not grant the request, and Plaintiff's counsel failed to appear at the case management conference.  Defendant appeared.

This time, because Plaintiff provided the case name, number and court of the case that created the alleged conflict, the Court was able to review the Docket Report for the other case, Case No. 2:22-cv-00311-WBS-CKD, *Barnes v. AKM Foods Inc. et al*. (E.D. Cal.).  On September 12, 2022, at a status conference, the court in that case scheduled a further status conference for September 19, 2022 at 1:30 p.m., the same date and time as the continued case management conference here.  Plaintiff was able to inform the Court of the conflict as soon as September 12, 2022, but did not do so until the morning of the case management conference here.

Additionally, the joint case management statement filed by the parties state that they do *not* consent to jurisdiction of a magistrate judge.  (Dkt. No. 39.)  However, that is incorrect, as both sides consented to the jurisdiction of a magistrate judge.  (Dkt. Nos. 7, 11.)

The Court finds that Plaintiff's counsel's lack of diligence is unacceptable.  Seeking continuances of a case management conference, on three separate dates, at the last minute, interferes with the Court's ability to adjudicate cases and inconveniences opposing counsel.  Therefore, the court HEREBY ORDERS Plaintiff to Show Cause in writing why this case should not be dismissed for failure to prosecute based on Plaintiff's failure to attend the case management conference and why Plaintiff should not pay monetary sanctions to Defendant for the time Defendant spent in appearing at the case management conference on September 19, 2022.  Plaintiff and his counsel shall respond to this OSC by no later than September 29, 2022.

**IT IS SO ORDERED**.

Dated: September 20, 2022



SALLIE KIM
United States Magistrate Judge